UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DONALD F. DELINE (d/b/a DELINE FARMS NORTH, DELINE FARMS SOUTH, AND DELINE FARMS PARTNERSHIP), individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DEERE & CO. (d/b/a JOHN DEERE),<br><br>    Defendant. | Case No. 3:22-cv-50171<br><br>Hon. Iain D. Johnston |

**DEFENDANT DEERE & COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS UNOPPOSED MOTION FOR STAY PENDING <u>JPML RULING ON CONSOLIDATION AND TRANSFER</u>**

Defendant Deere & Company ("John Deere") submits this memorandum in support of its motion for a stay of this action until 30 days after the Judicial Panel on Multidistrict Litigation ("JPML") determines whether to centralize several actions against John Deere into a consolidated proceeding.

**INTRODUCTION**

This action is one of several federal lawsuits filed against John Deere relating to John Deere's alleged anticompetitive conduct. These suits contain virtually identical allegations that John Deere deliberately monopolized an alleged market for repair and maintenance services of John Deere-branded tractors and other branded equipment in violation of Sections 1 and 2 of the Sherman Act. Because litigating the plaintiffs' claims in centralized proceedings would avoid burdensome discovery and inconsistent rulings while promoting judicial economy, John Deere filed a motion with the JPML to consolidate the then-filed six cases and any tag-along cases involving similar facts or claims for centralized proceedings under 28 U.S.C. § 1407. *See* Dkt. 7,

Ex. A, John Deere's Motion to Transfer for Consolidated Proceedings. Subsequently, John Deere filed a Notice of Related Action noting that this action is substantially similar to others that John Deere seeks to consolidate and transfer for centralized proceedings. *See* Dkt. 7, Ex. B, Notice of Related Action.

This action is one of several that John Deere seeks to centralize through its Motion to Transfer for Consolidated Proceedings, meaning that as proceedings continue in this Court, the JPML will be considering whether to transfer this and other actions for centralized proceedings. In these circumstances, a stay of proceedings until the JPML determines whether to grant John Deere's motion is appropriate. A stay will preserve judicial resources, minimize the risk of inconsistent decisions on the same pretrial issues, and avoid burdening the parties with duplicative proceedings, all without any risk of prejudice to the parties. John Deere respectfully requests that this Court grant this motion and stay all proceedings in this case and suspend all deadlines until 30 days after the JPML resolves John Deere's Motion to Transfer for Consolidated Proceedings. John Deere met and conferred with Plaintiff's counsel about this Motion, and Plaintiff does not object to this Motion.

## FACTUAL BACKGROUND

John Deere manufactures, among other things, agricultural equipment that is sold around the world. Certain models of John Deere's equipment are designed with proprietary software which helps the equipment run more effectively and efficiently. This equipment is sold by authorized John Deere Dealers. John Deere and authorized John Deere Dealers sell replacement parts for this equipment, and Dealers also provide warranty, repair, and maintenance services for this equipment.

Since the filing of the first complaint against John Deere, new complaints containing materially indistinguishable allegations and nearly identical claims have subsequently been filed.

The actions[1] against John Deere all claim that John Deere has monopolized an alleged market for repair and maintenance services for certain of its equipment by restricting purchasers' access to repair-related software and diagnostic tools.

On February 25, 2022, John Deere filed a Motion to Transfer for Consolidated Proceedings the then-pending six cases for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. As John Deere explains in its Motion to Transfer, the actions pending against it satisfy the requirements for transfer under Section 1407. *See* Dkt. 7, Ex. A at 5-9. The legal theories and causes of action asserted in the various complaints extensively overlap. They all center on the theory that John Deere has monopolized the alleged market for repair and maintenance services of certain John Deere-branded equipment with onboard central computers known as engine control units ("ECUs"). And plaintiffs all allege the following antitrust violations against John Deere: a) Group Boycott; b) Unlawful Tying; c) Monopolization; d) Attempted Monopolization; e) Conspiracy to Monopolize; and f) Unjust Enrichment. For these claims, plaintiffs seek materially identical relief, including treble damages, permanent injunctive relief, pre- and/or post-judgment interest, and attorneys' fees. The JPML set a briefing schedule regarding John Deere's Motion to Transfer for Consolidated Proceedings, with responses from

---

[1] The federal lawsuits included in John Deere's Motion to Transfer for Consolidated Proceedings are: *Forest River Farms v. Deere & Co.*, No. 1:22-cv-00188 (N.D. Ill. Filed 01/12/2022); *Plum Ridge Farms. Ltd. v. Deere & Co.*, No. 3:22-cv-50030 (N.D. Ill. Filed 02/07/2022); *Daniel Brown v. Deere & Co.*, No. 3:22-cv-50039 (N.D. Ill. Filed 02/11/2022); *Trinity Dale Wells v. Deere & Co.*, No. 3:22-cv-00074 (N.D Ala. Filed 01/19/2022); *David Underwood v. Deere & Co.*, 4:22-cv-00005 (E.D. Tenn. Filed 02/03/2022); *Monty Ferrell v. Deere & Co.*, 5:22-cv-00157 (W.D. Okla. Filed 02/22/2022). Notices of Potential Tag-Along Actions have been filed by John Deere or plaintiffs in *Hapka Farms, Inc. v. Deere & Co.*, 0:22-cv-00503 (D. Minn. Filed 02/28/2022); *Eagle Lake Farms P'ship v. Deere & Co.*, No. 3:22-cv-5078 (N.D. Ill. Filed 03/12/2022); *Samantha Casselbury v. Deere & Co.*, No. 4:22-cv-04049 (C.D. Ill Filed 03/14/2022); *Blake Johnson v. Deere & Co.*, No. 1:22-cv-00047 (N.D. Miss. Filed 3/15/2022); *Lloyd Family Farms v. Deere & Co.*, No. 3:22-cv-50090 (N.D. Ill. Filed 03/24/2022); *Donald DeLine v. Deere & Co.*, No. 3:22-cv-50171 (N.D. Ill. Filed 05/25/2022).

plaintiffs in the various related actions submitted on March 22, 2022, and John Deere's reply submitted on March 29, 2022; the JPML heard oral arguments from the parties on May 26, 2022.

All of the actions against John Deere are in the early stages of litigation. As of today, in none of the cases have the forum courts taken any substantive action. Nor have the parties initiated discovery or filed any substantive motions.

In the absence of a stay, litigation will proceed in this case as the JPML considers whether to transfer the case for centralized proceedings. For example, without a stay, John Deere will have to file responsive pleadings, and the parties and the Court will likely need to engage in a substantial amount of case management over the next several months. Proceeding with this litigation during the pendency of the JPML's consideration of John Deere's Motion to Transfer for Consolidated Proceedings will thus lead to the exact risks of duplication, burdensome discovery, and inconsistent rulings that centralized proceedings are designed to eliminate.

In contrast, granting a stay will preserve the parties' and the Court's resources while delaying this litigation for only a few months. John Deere requests a stay until 30 days after the resolution of its Motion to Transfer for Consolidated Proceedings. Staying this litigation pending the resolution of John Deere's Motion to Transfer for Consolidated Proceedings would thus best serve judicial economy without prejudicing Plaintiff or John Deere.

**ARGUMENT**

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) ("[A] federal judge may stay an action when some other suit offers the advantage of a speedy and comprehensive solution[.]"); *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999) ("[I]n exceptional cases, a federal

court should stay a suit and await the outcome of parallel proceedings as a matter of 'wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'"). A common exercise of this discretion is to stay cases pending the disposition of a transfer motion by the JPML. *See Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 WL 2244766, at *2 (N.D. Ill. July 27, 2009) (exercising discretion to stay the case pending the JPML's decision); *Board of Trustees of the Teachers' Retirement System of the State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900 (N.D. Ill. 2002) (same); *Kavalir* v. *Medtronic*, No. 07-0835, 2007 WL 1225358 (N.D. Ill., Apr. 19, 2007) (same).[2] Such stays are common for good reason: they serve the aims of multidistrict litigation by preserving the resources of both courts and litigants and avoiding inconsistent decisions on the same pretrial issues. *See Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources conserved."); Manual for Complex Litigation (Fourth) § 22.35 ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well.").

In determining whether a stay is appropriate, Courts considers three factors: "(1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any

---

[2] Other courts have stayed proceedings in related actions. *See also Buie v. Blue Cross & Blue Shield of Kansas City, Inc.*, No. 05-0534-CV-W-FJG, 2005 WL 2218461, at *1 (W.D. Mo. Sept. 13, 2005) (holding that a stay pending a transfer ruling by the JPML was appropriate, especially where "issues presented in this case may be capable of arising in other cases across the country."); *Indep. Serv. Provider, LLC v. Cain*, No. 6:21-CV-562-WWB-DCI, 2021 WL 2828264, at *2 (M.D. Fla. June 2, 2021) (same); *Piper v. Bayer Crop Science LP*, No. 3:21-CV-21-NJR, 2021 WL 2801466, at *1 (S.D. Ill. May 17, 2021) (same); *Equity One (Ne. Portfolio), Inc. v. Gap, Inc.*, No. 3:20-cv-01069 (D. Conn. August 11, 2020) (same).

5

hardship or inequity to the moving party if the case is not stayed." *Paul*, 2009 WL 2244766, at *1; *see Board of Trustees of the Teachers' Retirement System of the State of Illinois*, 244 F. Supp. 2d at 903. These factors weigh heavily in favor of a stay here.

### A. A Stay Will Promote Judicial Economy and Conserve Judicial Resources.

A stay pending disposition of John Deere's Motion to Transfer for Consolidated Proceedings by the JPML would conserve considerable judicial resources, avoid duplicative litigation, and prevent inconsistent rulings. If the JPML grants John Deere's Motion to Transfer for Consolidated Proceedings, discovery will proceed in centralized proceedings before a single court, and the JPML will have the authority to supersede previous orders. *Pierre*, 2013 WL 5876151 at *4 (holding a "brief stay may obviate [the] occurrence" of the JPML superseding and vacating any previous scheduling order entered into by the Court). A temporary stay would conserve judicial resources "by avoiding duplicative litigation." *Paul*, 2009 WL 2244766, at *1; *see also Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358, 1361 (C.D. Cal 1997). A stay further serves "the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer." *Ritchie Cap. Mgmt., LLC, v. Gen. Elec. Cap. Corp.,* 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015). Put simply, it would not be an efficient use of resources for this Court to proceed before the JPML makes a decision regarding whether to consolidate the actions against John Deere. *Royal Park Invs.*, 941 F. Supp. 2d 367, 373 (S.D.N.Y. 2013) (". . . [S]tays pending transfer 'will also conserve judicial resources, one of the fundamental goals of multidistrict litigation practice.'") (internal citation omitted).

### B. Plaintiff Is Unlikely to Suffer Prejudice Because of a Stay.

It is unlikely that Plaintiff will suffer any prejudice from a stay. John Deere requests a stay until 30 days after the JPML resolves whether to transfer this and the other pending lawsuits to one district for consolidated proceedings. Any stay will thus likely be of limited duration. As

courts have recognized many times over, a short stay in proceedings until the JPML resolves a motion to transfer, without more, does not prejudice plaintiffs.[3] Indeed, "[w]hile [plaintiffs] may suffer some initial delay, once the cases are coordinated . . . more time may well be saved than was lost." *Rosenfeld v. Hartford Fire Ins. Co.*, No. 88 CIV. 2153 (MJL), 1988 WL 49065 at *2 (S.D.N.Y. 1988).

Moreover, this case is still in its early stages. Accordingly, no case management order has been entered, no discovery has commenced, and no trial date has been set. Granting a stay during such an early stage of the case causes minimal, if any, prejudice to Plaintiff. *Paul*, 2009 WL 2244766, at *1 (describing the prejudice, if any, resulting from a brief stay as "minor" when case had only been pending for five months and discovery had yet to begin).

### C. Deere Faces Significant Burdens in the Absence of a Stay.

In contrast, the burdens John Deere will face in the absence of a stay are substantial. Without a stay, John Deere will be forced to litigate this and potentially other overlapping actions, leading to the possibility of inconsistent pretrial rulings and conflicting obligations across cases and duplicative discovery requests. *See id.* at *2 (holding that a stay is appropriate because, *inter alia*, the moving party "could be faced with conflicting decisions on similar pretrial issues from this court."). Further, John Deere will also face the financial burden of proceeding with discovery and litigating issues that might be relitigated in another forum if the case is transferred to another district. The risk of duplication is heightened here where the actions satisfy the requirements for consolidation under 28 U.S.C. § 1407. *See* Dkt. 7, Ex. A at 7–8.

---

[3] *See also Gray v. Target Corp.*, Case No. 13-62769-Civ-SCOLA, 2014 WL 12600138 (S.D. Fla. Jan. 27, 2014); *Ritchie Cap. Mgmt., LLC, v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015); *Cheney v. Eli Lilly & Co.*, No. 14-cv-02249-KMT, 2014 WL 7010656, at *1 (D. Colo. Dec. 9, 2014); *Franklin v. Prospect Mortg., LLC*, No. 2:13-cv-00790 JAM-AC, 2013 WL 6423389, at *2 (E.D. Cal. Dec. 9, 2013) *Pierre v. Prospect Mortg. LLC*, Civ. No. 1:13-CV-453 (NAM/RFT), 2013 WL 5876151, at *2 (N.D.N.Y. Oct. 31, 2013).

Such burdens outweigh any prejudice to Plaintiff of a "slight delay pending the JPML decision" and counsel in favor of a stay. *Royal Park*, 941 F. Supp. 2d at 372.

## CONCLUSION

The JPML will soon decide whether to transfer and consolidate this case and at least eleven others. A stay pending that decision will conserve this Court's resources, avoid duplicative litigation, and generally increase efficiency without prejudicing the parties. Accordingly, John Deere respectfully requests that this Court stay all proceedings and suspend all deadlines in this case pending the JPML's decision on John Deere's motion.

Dated: May 31, 2022

Respectfully submitted,

/s/ Amanda B. Maslar

Amanda B. Maslar (6321073)
amaslar@jonesday.com
JONES DAY
110 North Wacker, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

John M. Majoras*
jmmajoras@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939

Tiffany Lipscomb-Jackson*
tdlipscombjackson@jonesday.com
JONES DAY
325 John H. McConnell Boulevard,
Suite 600
Columbus, OH 43215-2673
Telephone: (614) 281-3876

Corey A. Lee*
calee@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939

*Pro Hac Vice Application Forthcoming

Counsel for Defendant Deere & Company

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

                                                   */s/ Amanda B. Maslar*